378 S.E.2d 670

**STATE of West Virginia**

v.

**Robert E. LAKE.**

**No. 18629.**

Supreme Court of Appeals of
West Virginia.

March 15, 1989.

Carl D. Andrews, Bowles, McDavid, Graff & Love, Larry L. Rowe, Charleston, for Robert E. Lake.

Atty. Generals Office, C. Terry Owen, Sp. Asst. Atty. Gen., Charleston, for State of W.Va.

**PER CURIAM:**

This case is before the Court upon the appeal of Robert E. Lake from the August 10, 1987 order of the Circuit Court of Kanawha County which denied the appellant's motion to set aside his guilty plea because the appellant was dissatisfied with his lengthy prison sentence. We affirm.

The appellant was indicted, along with two others, for one count of murder, two counts of aggravated robbery, and one count of assault during the commission of a felony. He plead guilty to felony-murder, for which he eventually was sentenced to life with mercy; one count of aggravated robbery, for which he eventually was sentenced to fifty years; and one count of assault in the commission of a felony, for which he eventually was sentenced to serve two to ten years. All sentences run concurrently.*

In exchange for the plea agreement, the State agreed to not seek sentence enhancement through the recidivist statute, *W.Va. Code,* 61–11–18 [1943], and also agreed to stand mute at sentencing.

The appellant had previously given a detailed confession regarding his role as an aider and abettor to the crimes which occurred on February 3, 1986. He and two other men entered the home of two women, ages 67 and 87. The appellant watched his accomplices beat the two women. All three defendants then robbed the women. One woman died.

The appellant accepted the above agreement and the parties appeared before the trial judge for a lengthy hearing, during which time the trial judge, among other things, explained to the appellant the maximum penalty for each offense. The trial judge further detailed to the appellant that he was not required to follow the requests of appellant's trial counsel concerning the length of sentence. The appellant indi-

---

* The trial judge had previously sentenced the appellant more sternly. However, by order dated December 6, 1988, the trial judge reduced the sentence to that reflected above.

The reduced sentence is less stern than that received by one of the other perpetrators, Joel Edward Kaylor. Therefore, the Court will treat as moot the appellant's assignment of error concerning the disproportionality of the sentences among the three perpetrators, as requested by appellant counsel's letter to this Court, dated September 28, 1988.

cated that he understood the judge on all matters, and that he made his decision after several months of deliberation.

Following a presentence investigation, the trial judge eventually ordered the above sentence. Appellant moved to withdraw his plea due to the harsh sentence, which was denied by order dated August 10, 1987, wherein the trial judge found that the appellant voluntarily and intelligently entered the plea.

Appellant's sole assignment of error is that the trial judge erred when he refused to set aside the guilty plea after the sentence was imposed. In doing so, appellant asks us to reconsider our holdings in *State v. Pettigrew*, 168 W.Va. 299, 284 S.E.2d 370 (1981) and *State v. Olish*, 164 W.Va. 712, 266 S.E.2d 134 (1980), that after sentence has been imposed, a guilty plea should not be set aside, absent manifest injustice.

In syllabus point 2 of *Olish, supra,* we stated, "Where the guilty plea is sought to be withdrawn by the defendant after sentence is imposed, the withdrawal should be granted only to avoid manifest injustice."

In *Olish*, at 164 W.Va. 712, 716, 266 S.E.2d 134, 136 (1980), we gave three reasons for this limited review of pleas once sentence has been imposed:

> First, once sentence is imposed, the defendant is more likely to view the plea bargain as a tactical mistake and therefore wish to have it set aside. Second, at the time the sentence is imposed, other portions of the plea bargain agreement will often be performed by the prosecutor, such as the dismissal of additional charges or the return or destruction of physical evidence, all of which may be difficult to undo if the defendant later attacks his guilty plea. Finally, a higher post-sentence standard for withdrawal is required by the settled policy of giving finality to criminal sentences which result from a voluntary and properly counseled guilty plea. [citations omitted]

Finally, in syllabus point 1 of *Pettigrew*, we addressed this precise issue and held that:

> The subjective but, in hindsight, mistaken belief of a defendant as to the amount of sentence that will be imposed, unsupported by any promises from the government or indications from the court, is insufficient to invalidate a guilty plea as unknowing or involuntary.

In this case the trial judge did not err when he found that the appellant could not withdraw his plea after sentence was imposed merely because the sentence is stern. There was no evidence of involuntariness, lack of comprehension, or government inducement and therefore no manifest injustice has resulted. Therefore, the August 10, 1987 order of the trial judge is affirmed.

Affirmed.