2004 WY 70

**Edward MANES, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 02–160.**

Supreme Court of Wyoming.

June 22, 2004.

Rehearing Denied July 13, 2004.

Representing Appellant: Ken Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; Marion Yoder, Senior Assistant Public Defender. Argument by Ms. Yoder.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Theodore E. Lauer, Director, and M. Rick Erickson, Student Intern, and Brandon De-Lozier, Student Intern, of the Prosecution Assistance Program. Argument by Mr. De-Lozier.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶1] Appellant Edward Manes entered two guilty pleas to drug-related charges without benefit of a plea agreement and received what he contends are harsh, consecutive sentences. At the sentencing hearing, the prosecutor presented evidence that Manes contends was unreliable and violated his due process right to a fair sentencing hearing. He requests remand for a new sentencing hearing.

[¶2] We affirm.

## ISSUE

[¶3] Manes sole issue for our review is:

Whether Appellant's right to a fair sentencing hearing was violated?

## FACTS

[¶4] Without a plea agreement, Manes pled guilty to one count of violating Wyo. Stat. Ann. § 35–7–1031(a)(i), delivery of methamphetamine, and Wyo. Stat. Ann. § 35–7–1031(a)(ii), delivery of marijuana.[1] At his change of plea hearing, he admitted to deliv-

---

1. (a) Except as authorized by this act, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this subsection with respect to:

(i) Methamphetamine or a controlled substance classified in Schedule I or II which is a narcotic drug, is guilty of a crime and upon conviction may be imprisoned for not more than twenty (20) years, or fined not more than twenty-five thousand dollars ($25,000.00), or both;

(ii) Any other controlled substance classified in Schedule I, II or III, is guilty of a crime and upon conviction may be imprisoned for not more than ten (10) years, fined not more than ten thousand dollars ($10,000.00), or both[.]

ering 1.6 grams of methamphetamine and about two ounces of marijuana to a confidential informant for which he received $275.00. After accepting the pleas, the district court ordered a presentence investigation report.[2]

[¶ 5] At his sentencing hearing, the prosecutor played a tape made by law enforcement recording Manes' confession to police. Defense counsel did not object to the tape being played and the sentencing court heard Manes' statement that he was a substantial supplier of drugs in the Wheatland area. Defense counsel responded to it by telling the court that Manes had exaggerated his role as a drug dealer in the hopes of becoming a narcotics informant for police and receiving a plea agreement. The sentencing court also received the presentence investigation report, and the defense counsel stated it had no objections to it. The report contained information relating to Manes' juvenile offenses, prior criminal convictions for burglary, assault, and possession of marijuana. The report also stated that Manes had pending charges for solicitation of murder and felon in possession of explosives. The report contained Manes' statements that when he would buy marijuana in Denver for himself he would also buy for friends who had requested he do so. The report included a recommendation that Manes be sentenced to prison rather than probation.

[¶ 6] After this evidence was received, the prosecutor argued that Manes was a substantial supplier of marijuana in the community; a leader in the drug trade who had caused his wife, children and friends to become involved in the drug trade; and was "preying upon [the] weak" for financial gain. The prosecutor urged the court to sentence Manes to seven to ten years. Manes spoke on his own behalf and stated that he never dealt drugs in front of his children, never used drugs in front of his children, and had sold marijuana but was not out actively trying to sell drugs around town. Defense counsel argued for the sentencing court to ignore the prosecutor's hyperbole and impose a four to ten month sentence with a suspended term of years to run consecutively.

[¶ 7] The sentencing court made this statement at the conclusion of argument:

Mr. Manes, the Court reviews the seriousness of the offense, the need to protect society, the potential of rehabilitation, and the possibility of restitution, in trying to fashion a correct sentence.

These are both very serious offenses. One, because of the quantity of marijuana involved, and the extensive use of it, delivery of it in this community, it's serious.

Count II, methamphetamine is a huge problem and an extremely serious drug; so the Court finds that those are very serious offenses.

The Court finds there is some degree of need to protect society, and that may be connected with rehabilitation; but, Mr. Manes, you have a record. You have done time in prison already for assault with a deadly weapon and for burglary. You have had prior conviction for possession of a controlled substance; and the court doesn't have any confidence that anything less than a sentence in prison will keep you from selling drugs again. Rehabilitation, rehabilitation and treatment is possible. Perhaps for you the best rehabilitation and treatment is going to be age.

2. W.R.Cr.P. 32(a)(2) provides:

(2) Report. The report of the presentence investigation shall contain:

(A) Information about the history and characteristics of the defendant, including prior criminal record, if any, financial condition, and any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in the correctional treatment of the defendant;

(B) Verified information stated in a nonargumentative style containing an assessment of the financial, social, psychological, and medical impact upon, and cost to, any individual against whom the offense has been committed and attaching a victim impact statement as provided in W.S. 7–21–103 if the victim chooses to make one in writing. In any event the report shall state that the victim was advised of the right to make such a statement orally at the defendant's sentencing or in writing. If the victim could not be contacted, the report shall describe the efforts made to contact the victim;

(C) Unless the court orders otherwise, information concerning the nature and extent of nonprison programs and resources available for the defendant; and

(D) Such other information as may be required by the court.

I note a significant involvement of the criminal system. . . .

[¶ 8] The sentencing court pronounced a sentence of six to ten years on the marijuana charge and a term of three to ten years on the methamphetamine charge with the terms to be served consecutively. Manes alleges that although he was entitled to credit for time served, the court improperly determined that any time served was for pending charges. Manes tells us that he was acquitted on the solicitation of murder charges but found guilty of the felon in possession of explosives charge. *Manes v. State*, 2004 WY 33, 86 P.3d 1274 (Wyo.2004). Manes provides this information regarding time for credit served; however, he does not provide argument on that issue, and we do not further consider it. His appeal on the sole issue of a fair sentencing hearing followed.

## DISCUSSION

### Standard of Review

[¶ 9] When imposing sentence, the trial court is given broad discretion to consider a wide variety of factors about the defendant and his crimes. *Mehring v. State*, 860 P.2d 1101, 1115 (Wyo.1993); *Griebel v. State*, 763 P.2d 475, 477 (Wyo.1988). We will not disturb a sentencing decision absent a clear abuse of discretion. *Jones v. State*, 771 P.2d 368, 371 (Wyo.1989). In sentencing, due process provides a right to be sentenced only on accurate information. *Mehring*, 860 P.2d at 1117; *Clouse v. State*, 776 P.2d 1011, 1014 (Wyo.1989). On appeal, the defendant must demonstrate that the trial court relied upon the statements in sentencing to prevail. *Mehring*, at 1115. "However, when no objection is made concerning the consideration of a particular factor, review is necessarily confined to a search for plain error. Plain error, as we have often stated, occurs when the record clearly shows an error that transgressed a clear and unequivocal rule of law which adversely affected a substantial right." *Hornecker v. State*, 977 P.2d 1289, 1291 (Wyo.1999); *see also Craver v. State*, 942 P.2d 1110, 1115 (Wyo.1997). Victim impact information about other crimes or convictions unrelated to the particular crime for which sentence is about to be imposed is permissible. *Mehring*, 860 P.2d at 1116–17. "W.R.Cr.P. 32(a) specifically permits information about the prior criminal record of the defendant and his characteristics to be considered by the trial court before imposing sentence. In evaluating character, the trial court, in exercising its discretion, may consider a broad range of reports and information." *Id.; see also Christy v. State*, 731 P.2d 1204, 1207–08 (Wyo.1987). Evidence of prior criminal activity is "highly relevant to the sentencing decision" and may be considered by the sentencing court despite the fact that no prosecution or conviction may have resulted. *Mehring*, at 1117.

### Due Process at Sentencing Hearing

[¶ 10] Manes objects to the prosecutor's offering "highly inflammatory and unproved allegations about the magnitude of Appellant's 'real' drug sales involvement, and Appellant's status as a bad influence and the prime cause of the vaguely described criminal behavior of everyone from his wife to his son to his daughter's boyfriend," allegations which he notes did not appear in the PSI. He argues that the prosecutor was not permitted to indulge in such aspersions under the American Bar Association (ABA) standards and W.R.Cr.P. 32(a); that it was prosecutorial misconduct to offer unreliable accusations against alleged victims other than those impacted by the particular crime; prosecutorial misconduct to offer a community outrage argument; and contends that the disproportionate sentence meted out by the court for such a small amount of narcotics proves he was prejudiced at an unfair sentencing hearing. The State contends that Manes has not proved that any of the allegations were false and his failure to object at the sentencing hearing requires that we apply the plain error standard of review.

[¶ 11] The ABA standards advocate sentencing for the "offense of conviction," which limits the sentencing court to information pertaining strictly to the offense for which the defendant is sentenced plus narrowly defined mitigating and aggravating factors. A.B.A. Standards for Criminal Justice Sentencing 18–3.6 (3d ed.1994). A "real-offense" sentencing jurisdiction allows the sentencing

court to properly consider as much information about the defendant as the court finds is relevant to the determination of the sentence. *Id.* Manes contends that Rule 32 requires Wyoming follow the ABA standards but contends that whichever the category into which Wyoming falls, due process prohibits unreliable information from tainting the sentencing hearing proceedings. He also contends that a defendant who is prejudiced by unproved allegations is entitled to a new sentencing hearing. The State asserts precedent makes clear that Wyoming is a real-offense jurisdiction; however, resolution of this case does not require a determination on the matter, and we decline to consider it.

[¶ 12] The State denies that it had a duty to prove that the information provided was accurate if the sentencing court reasonably believed it was. The State contends that unless the defendant or the sentencing court challenges the accuracy of the allegations the sentencing court is entitled to consider that fact at sentencing. Upon a challenge, the sentencing court is then required to resolve the issue as to the accuracy of that alleged fact. The State claims that a formal objection as to accuracy must be made to obtain an accuracy resolution, relying upon *Swingholm v. State*, 910 P.2d 1334, 1339 (Wyo. 1996). *Swingholm's* failure to find a due process failure was based upon the fact that the sentencing court had acted to resolve the factual dispute in question and did not require an objection. *Id.* The record shows that both Manes himself and his defense counsel argued that the prosecutor's accusations regarding wife, children, and community were untrue. Additionally, the presentencing investigation report contained none of these allegations although the preparer of that report had spoken to Manes and his family. Although the argument disputed the accuracy, the sentencing court did not resolve that dispute, and we will consider whether that failure resulted in an unfair sentencing hearing for Manes.

[¶ 13] Wyoming does not permit a sentencing decision based upon unreliable information, undocumented information, or inaccurate information. *Mehring,* 860 P.2d at 1117; *DeLoge v. State,* 2002 WY 155, ¶ 13,

55 P.3d 1233, ¶ 13 (Wyo.2002). We have previously held that a prosecutor's act of bringing an undocumented allegation to the district court's attention so that the court would consider that allegation in sentencing is prosecutorial misconduct. *DeLoge,* ¶ 13. We agree that such conduct at Manes' hearing was improper and constituted prosecutorial misconduct. The sentencing court, however, stated that its sentencing decision was based on the seriousness of the narcotic delivery convictions and Manes' prior criminal history. The sentencing court did not refer to any of the improper prosecutorial argument as a basis for its decision. Its stated basis for its decision was supported by the presentence investigation report and Manes' own taped statements to police. In light of Manes' failure to object to the presentence investigation report which contained that prior criminal history and in light of Manes' taped statements to police claiming to be a significant drug dealer in the area, we can see no reliance by the trial court on the prosecutorial misconduct to formulate its sentencing decision. We therefore must follow our precedent and conclude that the misconduct did not result in denying Manes a fair sentencing hearing, nor did it prejudice Manes in terms of the sentence imposed. *Id.* Without a showing of prejudice, Manes is not entitled to a new sentencing hearing despite the failure of the sentencing court to resolve the disputed accuracy of the prosecutor's information.

Disproportionate Sentence

[¶ 14] Manes contends that the prosecutor's inflamed rhetoric regarding unreliable information influenced the sentencing court to impose a draconian sentence upon Manes although the narcotic amounts involved were very small. Manes contends that due process should not allow a community outrage argument to a sentencing court just as it does not permit one to a jury. *See Gayler v. State,* 957 P.2d 855, 861 (Wyo. 1998). No authority indicates that the same concerns presented when a community outrage argument is made to a jury are presented when that argument is made to a sentencing judge. As the State asserts, our rule is that where a court is pronouncing sentence, a

presumption exists that the court will not be misled or confused by what is irrelevant and will not consider what is immaterial. *Coletti v. State,* 769 P.2d 361, 362–63 (Wyo.1989). As Manes concedes, his sentence did not exceed the maximum sentence, no other basis supports the argument, and we will not further consider the issue.

[¶ 15]   The judgment and sentence of the district court is affirmed.