2015 WY 78

**Christopher Michael TOWN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–14–0231.**

Supreme Court of Wyoming.

May 28, 2015.

Representing Appellant: Office of the State Public Defender: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel. Argument by Ms. Olson.

Representing Appellee: Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Caitlin F. Young, Assistant Attorney General. Argument by Ms. Young.

Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.

BURKE, Chief Justice.

[¶ 1] Appellant, Christopher Town, pled guilty to second degree murder, and was sentenced to serve 75 years to life in prison. He appeals, claiming the district court considered improper evidence in determining his sentence. We affirm.

### ISSUES

[¶ 2] Appellant raises two issues:

1. Did plain error occur when statements were allowed during sentencing that were not proper victim impact statements?
2. Did the trial court err in allowing the State to present evidence at sentencing in violation of W.R.Cr.P. 32?

### FACTS

[¶ 3] On October 3, 2013, the State filed an information charging Appellant with the first degree murder of his estranged wife. In the accompanying Affidavit of Probable Cause, a Cheyenne police detective stated that at approximately 9:00 p.m. on the previous night, a man called 911 and said he had shot and killed his wife. The police arrived at the residence and found Appellant outside. Inside, they discovered the body of Appellant's wife, Crystal Town, a firearm, and empty ammunition casings. A medical response team confirmed that Ms. Town was dead. Appellant remained outside with law enforcement personnel, and was overheard saying "I hurt my family," and "I apologize for what I did." Appellant was arrested and jailed.

[¶ 4] Police also located Appellant's ten-year-old daughter, M.T., outside of the residence. According to the affidavit, M.T. was interviewed at the police department. She told the officers she had been at the residence with Appellant, waiting for her mother to come get her. After arriving, Ms. Town and Appellant argued. M.T. said Appellant pulled a gun out of his pocket and shot her mother several times.

[¶ 5] The detective spoke with Appellant's mother shortly after the incident. She reported that Appellant was upset and frustrated by his ongoing divorce. She explained that Appellant wanted to get back together, while Ms. Town was moving forward with the divorce.

[¶ 6] At his arraignment, Appellant pled not guilty and not guilty by reason of mental illness. Before trial, Appellant reached a plea agreement with the State. Appellant agreed to plead guilty to an amended charge of second degree murder and the State agreed to dismiss the charge of first degree murder. There was no agreement on a recommended sentence. When Appellant offered his guilty plea, the district court questioned him to ascertain a factual basis for the plea. Appellant explained: "Basically, my wife had come home to pick up our daughter. There was a heated discussion, argument; and I shot her. . . . I pulled out the pistol, and I shot her five times, four times." The district court accepted the plea of guilty to the charge of second degree murder.

[¶ 7] At the sentencing hearing, the district court indicated that it had reviewed the presentence report, which included several victim impact statements, and asked if Appellant had any objections to the contents of the report. Appellant said he did not. A friend of Appellant, Appellant's mother, and Appellant presented oral statements to the Court. A letter from Appellant's sister was read aloud. Six individuals provided verbal statements to the court during the State's presentation. The State also called a police detective as a witness. He provided additional information regarding the crime and, through him, the State introduced additional evidence. Appellant did not object to this procedure or any of the evidence presented. Appellant's counsel urged the Court to impose a sentence of 20 to 50 years. The State recommended a sentence of 75 years to life.[1]

[¶ 8] In its remarks, the district court noted mitigating factors it had considered, including Appellant's "minimal criminal history," and his acceptance of responsibility for the crime. It concluded, however, that "the aggravating factors in this case vastly outweigh the mitigating factors." It observed that Appellant "took the life of a completely innocent victim for no apparent reason that the Court can see other than the fact that she had filed for a divorce against you." Further, the district court stated,

> [Y]ou committed this violent and brutal murder in front of your own daughter. She will certainly carry that horrible memory with her for the rest of her life, the recollection of seeing her own father firing

---

1. The statutory penalty for second degree murder is a minimum of twenty years and a maximum of life. Wyo. Stat. Ann. § 6–2–104 (LexisNexis 2013).

multiple shots again and again into her mother as she either fell to or lay on the floor.

The damage that you have inflicted upon your own daughter, to this Court, is incomprehensible and is an extraordinarily aggravating factor in the Court's opinion.

The district court accepted the State's recommendation, and imposed a sentence of 75 years to life. Appellant challenges that decision in this appeal.

### DISCUSSION

[¶ 9] In his first issue, Appellant contends that several persons who made statements on behalf of the State during the sentencing hearing do not meet the statutory definition of victims. He claims that the district court should not have considered these statements in determining his sentence. Appellant did not object to the statements during the sentencing hearing. Accordingly, we review for plain error. *Joreski v. State*, 2012 WY 143, ¶ 11, 288 P.3d 413, 416 (Wyo.2012).

> To establish plain error, the appellant must show 1) the record clearly reflects the incident urged as error; 2) a violation of a clear and unequivocal rule of law; and 3) that he was materially prejudiced by the denial of a substantial right. *Causey v. State*, 2009 WY 111, ¶ 18, 215 P.3d 287, 293 (Wyo.2009). Under the plain error standard of review, we reverse a district court's decision only if it is so plainly erroneous that the judge should have noticed and corrected the mistake even though the parties failed to raise the issue. *Id.*, ¶ 19, 215 P.3d at 293.

*Masias v. State*, 2010 WY 81, ¶ 20, 233 P.3d 944, 950 (Wyo.2010).

[¶ 10] The statute at issue, Wyo. Stat. Ann. § 7–21–103, entitled "Submission of victim impact statement to sentencing court," reads as follows:

> (a) At any hearing to determine, correct or reduce a sentence, an identifiable victim of the crime may submit, orally, in writing or both, a victim impact statement to the court.

> (b) Any victim impact statement submitted to the court pursuant to this section shall be among the factors considered by the court in determining the sentence to be imposed upon the defendant or in determining whether there should be a correction or reduction of sentence.

> (c) Any failure to comply with the terms of this chapter shall not create a cause for appeal or reduction of sentence for the defendant, or a civil cause of action against any person by the defendant.

The term "victim" is defined in Wyo. Stat. Ann. § 7–21–101(a)(iii) to mean "an individual who has suffered direct or threatened physical, emotional or financial harm as the result of the commission of a crime or a family member of a minor, incompetent person or a homicide victim." The term "family member" is defined as "a spouse, child, sibling, parent or legal guardian of a victim." Wyo. Stat. Ann. § 7–21–101(a)(ii).

[¶ 11] Appellant claims that seven of the persons who offered written or verbal victim impact statements during his sentencing hearing were not "victims," largely on the basis that they did not meet the definition of a "family member." He claims that it was plain error for the district court to consider these statements. The State counters that Appellant is overlooking part of the definition of victim: "an individual who has suffered direct or threatened physical, emotional or financial harm as the result of the commission of a crime." Wyo. Stat. Ann. § 7–21–101(a)(iii). The State points out that, based on this part of the definition, we have previously recognized that non-family members may also qualify as victims if they suffered physical, emotional, or financial harm. *Trusky v. State*, 7 P.3d 5, 14 (Wyo.2000). The State then analyzes the statements challenged by Appellant, and asserts that six of the seven were from "victims" as defined by the statute.

[¶ 12] Both parties seem to accept the premise that Wyo. Stat. Ann. § 7–21–103 limits the information that may be considered by a sentencing court. An analysis of the text of the statute indicates otherwise. It provides that a victim may give an impact statement to the court, then directs that the

impact statement "shall be among the factors considered by the court in determining the sentence." Wyo. Stat. Ann. § 7–21–103(b). We have repeatedly found the word "shall" in a statute to be mandatory. *LM v. Laramie County Dep't of Family Servs.*, 2007 WY 189, ¶ 5, 171 P.3d 1077, 1080 (Wyo.2007). Thus, the statute gives victims the right to provide an impact statement and mandates that the sentencing court must consider it. The statute does not, however, prohibit the court from considering statements from individuals who do not meet the statutory definition of victim. It does not limit the court's discretion to consider other relevant information when determining a sentence. Further, the directive of subsection (c) that "[a]ny failure to comply with the terms of this chapter shall not create a cause for appeal or reduction of sentence for the defendant" serves to confirm our conclusion that the purpose of this statute is to establish the rights of crime victims, not to protect convicted defendants.

[¶ 13] This conclusion is consistent with prior cases in which "[w]e have consistently stated that a trial court has broad discretion to consider a wide range of information about the defendant and his crimes in imposing sentence." *Capellen v. State*, 2007 WY 107, ¶ 16, 161 P.3d 1076, 1080 (Wyo.2007) (citing *Doherty v. State*, 2006 WY 39, ¶ 35, 131 P.3d 963, 974 (Wyo.2006)); *Swingholm v. State*, 910 P.2d 1334, 1339 (Wyo.1996). More specifically, in *Mehring v. State*, 860 P.2d 1101 (Wyo.1993), we explained why victim impact statements can be given only by the victim of the crime for which the defendant is being sentenced, but still recognized that a sentencing court may also consider statements from persons other than the victim.

> The victim impact statement is accorded special status under Wyo. Stat. § 7–21–103, including the right to appear before the sentencing court to offer an oral statement and request restitution. We find in that special status a limitation which confines the victim impact statement to information about a particular crime.... We hold the purpose of Wyo. Stat. § 7–21–103 is to permit the sentencing court to consider information about the harm caused by the defendant during the commission of

the particular crime for which sentence is about to be imposed.

Our holding does not mean, however, that information about other crimes or convictions unrelated to the particular crime for which sentence is about to be imposed is impermissible. W.R.Cr.P. 32(a) specifically permits information about the prior criminal record of the defendant and his characteristics to be considered by the trial court before imposing sentence. In evaluating character, the trial court, in exercising its discretion, may consider a broad range of reports and information. *Mehring*, 860 P.2d at 1116. In other words, statutory victims have the right to provide an impact statement to the sentencing court, while others may provide statements at the court's discretion.

[¶ 14] The Supreme Court of Virginia reached a similar conclusion with regard to victim impact statutes. In *Beck v. Commonwealth*, 253 Va. 373, 484 S.E.2d 898, 904 (1997), the Court considered its code provision that victims "shall be given the opportunity ... to prepare a written victim impact statement prior to sentencing of a defendant," that the term "victim" included spouses, parents, and legal guardians of homicide victims, and that the commonwealth was required to get the consent of such "victims" before including their impact statements in sentencing reports for offenses other than capital murder. The appellant asserted "that by limiting the definition of 'victim' in the Act to the 'spouse, parent or legal guardian' of the deceased, the legislature implicitly intended to limit the admissibility of victim impact evidence to that provided by such persons." *Id.* at 905. The Court said there was "no merit to this assertion." *Id.*

[¶ 15] The Virginia Court said that the Act gave special status to its defined victims by requiring their consent to include their statements in sentencing reports. However, nothing in the Act restricted a sentencing court from considering statements from other persons. "Accordingly," the Court held that, "the statutes do not limit evidence of victim impact to that received from the victim's family members. Rather, the circumstances of the individual case will dictate

what evidence will be necessary and relevant, and from what sources it may be drawn." *Id.*

[¶ 16]   To support his claim, Appellant relies on our decision in *Bitz v. State*, 2003 WY 140, 78 P.3d 257 (Wyo.2003). In that case, the appellant was charged with taking indecent liberties with two minors. He pled guilty to one charge, and the other charges were dismissed. At sentencing, the district court considered victim impact statements from both minors. The appellant asserted on appeal that, because the charges relating to one of the minors had been dismissed, she was not a victim as defined by Wyo. Stat. Ann. § 7–21–101(a)(iii). We agreed, stating that "The legislature has clearly limited the admissibility of victim impact statements, as such are defined in the statute, to the victims of the particular crime or crimes for which the defendant is being sentenced." *Bitz,* ¶ 22, 78 P.3d at 263. We reversed and remanded for resentencing, finding "that inclusion of a statutory victim impact statement from someone who, statutorily, was not a victim, was error *under the circumstances of this case.*" *Id.,* ¶ 21, 78 P.3d at 262 (emphasis added).

[¶ 17]   The key circumstance of that case was that the district court considered the non-victim's statement without following the requirements of W.R.Cr.P. 32(a)(3)(C). That rule requires the district court, when faced with a defendant's objection to any information contained in a presentence investigation report, either to make findings with regard to that information, or to determine that the information will not be taken into account in sentencing. As we explained: ·

> The basis of the appellant's argument is not that the district court took into account crimes other than the one to which he pled guilty. Indeed, he concedes that we have previously recognized that W.R.Cr.P. 32(a) authorizes the admission at sentencing of criminal history and character evidence. *Mehring,* 860 P.2d at 1116. The appellant's argument is, instead, that by considering "other crime" evidence without making the findings required by W.R.Cr.P. 32(a)(3)(C), the district court has violated his due process right to be sentenced only

on accurate information. *See Swingholm v. State,* 910 P.2d 1334, 1339 (Wyo.1996); *Mehring,* 860 P.2d at 1117; and *Clouse v. State,* 776 P.2d 1011, 1015 (Wyo.1989).

*Bitz,* ¶ 11, 78 P.3d at 260. We reconfirmed that, "At sentencing, the district court may consider uncharged crimes and other evidence from the PSI so long as the defendant is allowed the opportunity to deny, dispute, or disprove such evidence and so long as the district court complies with W.R.Cr.P. 32(a)(3)(C)." *Id.,* ¶ 23, 78 P.3d at 263.

[¶ 18]   *Bitz* does not apply to Appellant's claim. At sentencing, the district court did not deny Appellant the opportunity to refute any of the witnesses' statements. Because Appellant did not make any objection, the district court was not required by W.R.Cr.P. 32(a)(3)(C) to make findings or state that the disputed information would not be considered. Most significantly, *Bitz* and *Mehring* both support our ruling that the district court did not err by considering statements from individuals who do not meet the statutory definition of victim. Appellant has not established plain error.

[¶ 19]   In his second issue, Appellant claims that evidence introduced by the State at the sentencing hearing should have been excluded pursuant to W.R.Cr.P. 32(c). Appellant was originally charged with first degree murder, but pled guilty to second degree murder. At the sentencing hearing, the district court allowed the State to present information that, Appellant contends, related only to the original charge. Specifically, the State called as a witness a police officer who had investigated Appellant's case, and through him, introduced a video surveillance tape of Ms. Town entering Appellant's home and their daughter leaving the home a few minutes later, recordings of the 911 calls Appellant made after shooting Ms. Town, and photographs of the crime scene.

[¶ 20]   The pertinent part of W.R.Cr.P. 32(c) reads as follows:

> At the sentencing hearing, the court shall afford the counsel for the defendant and the attorney for the state an opportunity to comment upon the probation officer's report and on other matters relating to the

appropriate sentence. Before imposing sentence, the court shall also:

(A) Determine that the defendant and defendant's counsel have had the opportunity to read and discuss the presentence investigation report made available pursuant to subdivision (a)(3)(A);

(B) Afford counsel for the defendant an opportunity to speak on behalf of the defendant; and

(C) Address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence.

The attorney for the state shall have an equivalent opportunity to speak to the court.

Appellant asserts that because this rule allows the State to "comment upon the probation officer's report," the State's comments should be limited to matters included in the presentence report. He contends that the rule allows the State to "speak" to the court, but not to provide additional evidence as it did in his case. Appellant did not object to the detective's testimony, and he stipulated to the receipt into evidence of the exhibits offered by the State. Accordingly, we apply the plain error standard of review. *Joreski,* ¶ 11, 288 P.3d at 416.

[¶ 21] Appellant's claim is unsupported by the language of W.R.Cr.P. 32(c). He contends that the State is limited to commenting on the contents of the presentence report, and to speaking to the court without providing additional evidence. However, the rule allows comment on "the probation officer's report *and on other matters* relating to the appropriate sentence." (Emphasis added.) The rule also provides that the defendant may "present any information in mitigation of the sentence," and that the State "shall have an equivalent opportunity to speak to the court." The language of the rule does not limit the State's presentation as Appellant claims.

[¶ 22] Moreover, Appellant's claim that W.R.Cr.P. 32 limits the information a court may consider is contrary to our consistent statements that a court has discretion to consider a wide variety of information to help determine an appropriate sentence. *Mehring,* 860 P.2d at 1116 ("[T]he trial court, in exercising its discretion, may consider a broad range of reports and information."); *Bitz,* ¶ 23, 78 P.3d at 263 ("[T]he district court may consider uncharged crimes and other evidence from the PSI so long as the defendant is allowed the opportunity to deny, dispute, or disprove such evidence."). *See also Christy v. State,* 731 P.2d 1204, 1205 (Wyo.1987) ("We ... do not deny the right to the sentencing judge to consider fairly the entire course of events as related to the character of the defendant."); *Hedge v. State,* 696 P.2d 51, 53 (Wyo.1985) ("Thus, when determining initially whether the State's penological interests require imposition of a term of imprisonment, the sentencing court can consider the entire background of the defendant, including his employment history and financial resources.").

[¶ 23] Other jurisdictions allow courts to consider a broad range of information when sentencing a defendant. In federal courts, as one often-cited treatise explains:

The traditional policy regarding the range and nature of the information that may be considered by a sentencing judge is succinctly stated in 18 U.S.C.A. § 3661:

No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

6 Wayne R. LaFave et al., *Criminal Procedure* § 26.5(a) (3d ed. updated 2014). The Supreme Court of Nebraska has adopted a similar approach:

We have held on numerous occasions that before pronouncing sentence a trial judge has broad discretion in the source and type of evidence he may use to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by statute. We have gone so far as to say that the latitude allowed a sentencing judge in such instances is almost without limitation as long as it is relevant to the issue.

*State v. Porter,* 209 Neb. 722, 310 N.W.2d 926, 927 (1981).

[¶ 24]   The record clearly reflects the incident claimed as error.  However, Appellant has not demonstrated any violation of a clear and unequivocal rule of law.  As a result, he has failed to establish plain error.

[¶ 25]   Affirmed.