# IN THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 22

### OCTOBER TERM, A.D. 2024

### February 18, 2025

CAMERON CURTIS HAGEN,

Appellant
(Defendant),

v.

S-24-0260

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Converse County*
The Honorable F. Scott Peasley, Judge

*Representing Appellant:*

Office of the State Public Defender: Brandon T. Booth, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel.

*Representing Appellee:*

Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Donovan Burton, Assistant Attorney General.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**JAROSH, Justice.**

[¶1]    At his sentencing following no contest pleas to drug and firearm charges, Cameron Curtis Hagen objected to various details included in the criminal history section of his Presentence Investigation Report (PSI).  The district court took the objections under advisement and explained it would not consider the information in determining his sentence.  However, the district court did not strike the details from the PSI.  Mr. Hagen appeals, asserting the district court abused its discretion by not striking portions of the PSI as requested.  We affirm.

### ISSUE

[¶2]    Mr. Hagen asserts a single issue on appeal[1]:

> Whether the district court abused its discretion in not excising the contested details of the offenses from the criminal history section of the Presentence Investigation Report?

### FACTS

[¶3]    A detailed recitation of the facts underlying Mr. Hagen's no contest pleas is unnecessary in light of the issue raised on appeal.  In short, Mr. Hagen was a passenger in a vehicle pulled over on Center Street in Casper, Wyoming, for having a cracked windshield.  After a canine unit alerted to the vehicle during a free air search, officers searching the vehicle found several controlled substances and a pistol.  Mr. Hagen was subsequently charged with one count of misdemeanor possession of marijuana in violation of Wyo. Stat. Ann. § 35-7-1031(c)(i)(A) (2023) ("Count One"), one count of misdemeanor possession of methamphetamine in violation of Wyo. Stat. Ann. § 35-7-1031(c)(i)(C) (2023) ("Count Two"), and one count of being a felon knowingly in possession of a firearm in violation of Wyo. Stat. Ann. § 6-8-102(a) (2023) ("Count Three").

[¶4]    At his arraignment, Mr. Hagen pled not guilty to all three charges.  Later, and pursuant to a plea agreement, Mr. Hagen pled no contest to Count One and Count Three,

---

[1] The State asserts a preliminary issue on appeal is whether this Court has jurisdiction to consider if the author of the PSI violated the Wyoming Criminal History Record Act (Criminal Record Act), Wyo. Stat. Ann. §§ 7-19-101, *et seq.* (2023).  Citing *Barela v. State*, the State asserts this Court is without such jurisdiction.  In *Barela*, we found the district court and this Court had no jurisdiction to consider a motion for access to records under the Criminal Record Act when the motion was brought in the context of Mr. Barela's criminal case.  2017 WY 66, ¶ 9, 395 P.3d 665, 669 (Wyo. 2017).  While Mr. Hagen argues in his brief that the author of the PSI violated the Criminal Record Act, we do not construe his appeal as a challenge to the author's conduct under the Act.  Rather, as Mr. Hagen makes clear in stating his only issue on appeal, his challenge is to the district court's failure to amend the PSI in accordance with his objections.  As the State correctly concedes, this Court has jurisdiction over decisions about whether to strike information from a PSI.  *See, e.g.*, *Noller v. State*, 2010 WY 30, 226 P.3d 867 (Wyo. 2010).

1

and Count Two was dismissed. The State also agreed to recommend the district court impose concurrent sentences of six months of incarceration on Count One and one to three years of incarceration on Count Three. After determining the plea was voluntary and supported by a sufficient factual basis, the district court accepted Mr. Hagen's no contest pleas and ordered a PSI.

[¶5]   On June 4, 2024, the district court held a sentencing hearing. At the outset, Mr. Hagen told the district court he had numerous objections to the PSI and the Addiction Severity Index (ASI),[2] but that his attorney failed to lodge those objections on his behalf. Mr. Hagen also expressed general dissatisfaction with his attorney and said he wanted to proceed pro se. After conducting a *Faretta* hearing,[3] the district court permitted Mr. Hagen to proceed pro se and continued his sentencing so he had additional time to prepare.

[¶6]   After Mr. Hagen filed several pro se motions not at issue in this appeal, the parties reconvened for a motion hearing and sentencing on July 16, 2024. At that hearing, Mr. Hagen told the Court he believed his ASI was incorrect and that he was scheduled for a new one. Mr. Hagen also again stated he had objections to his PSI, but asserted he did not receive prior notice of the hearing and therefore did not have his notes with him. At Mr. Hagen's request, the district court again continued the sentencing.

[¶7]   On September 19, 2024, the district court held Mr. Hagen's third sentencing hearing after confirming he was prepared to proceed with sentencing and articulate his objections to the PSI and ASI. Mr. Hagen then explained his objections to approximately fourteen entries in the criminal history section of the PSI, primarily because they were based on prior PSIs and/or police reports. According to Mr. Hagen, it was improper under the Criminal Record Act, Wyo. Stat. Ann. §§ 7-19-101, *et seq.*, for the author of the PSI to include details from those sources. Instead, according to Mr. Hagen, the author was required to independently research court records to compile the criminal history section of the PSI.

[¶8]   After Mr. Hagen stated his objections, the State called the author of the PSI, Shannon Stevenson, to testify about her preparation of the PSI:

---

[2]  An ASI is an assessment tool used to evaluate substance abuse treatment options. *Interest of SMD*, 2022 WY 24, ¶ 8, 503 P.3d 644, 649-50 n.4 (Wyo. 2022) (citing Samuel B. Obembe, *Practical Skills and Clinical Management of Alcoholism & Drug Addiction* (2012)); *see also* Wyo. Stat. Ann. § 7-13-1301(v) (2023).

[3] The purpose of a *Faretta* hearing is for a trial court to ensure a defendant is "'intentionally, knowingly, and voluntarily waiving his right to counsel, and to advise him of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.'" *Keller v. State*, 2024 WY 72, ¶ 3, 551 P.3d 465, 469 n.9 (Wyo. 2024) (quoting *Vlahos v. State*, 2022 WY 129, ¶ 24, 518 P.3d 1057, 1065 n.3 (Wyo. 2022) (other quotations omitted)); *see also Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

THE COURT: Ms. Stevenson, what do you say here?

MS. STEVENSON: Your Honor, I get the background information from NCIC[4] and WY CJIS[5].
. . .

MS. STEVENSON: If I see if [sic] there's a criminal offense, I request police reports from law enforcement – or from the police departments or sheriffs' departments or Wyoming Highway Patrol – or out of state, wherever it may be.

The other thing that I do is I look at old – our old record stuff in our system, and some of that information was taken from an older PSI that was completed on the defendant when he committed felony offenses. So, the information that I've received came from reputable sources – our old records [sic] keeping, NCIC, and from WY CJIS.

If – again, if I needed specific, I would ask for the police report, if I didn't have the information, or if I didn't know the information. A lot of the older NCIC reports don't have case numbers on them; so they could not be referred back. It doesn't mean they did not happen. They happened. It's just that they didn't have a case number.

So I just wanted to say that as far as I know is that the criminal history on Mr. Hagen is accurate and depicts his criminal offenses through the years.

[¶9]    After Ms. Stevenson explained the process she followed and testified it was accurate, the district court asked Mr. Hagen if he had any other objections. Mr. Hagen responded that there was information missing from his original ASI, and that he obtained a new one showing a different severity rating. He then stated that the court could sentence him based on either of the ASIs, but that he got the second one "to have an accurate depiction of what my true addiction severity index was without the influence of outside people."

[¶10]   After listening to all of Mr. Hagen's concerns about and objections to the PSI and ASI, the district court announced it would take the objections under advisement. Then,

---

[4] The National Crime Information Center.

[5] Wyoming Criminal Justice Information Services.

3

after hearing from the State and Mr. Hagen regarding sentencing, the district court explained:

> Concerning the presentence report, the Court has considered it, and the Court is relying upon it to arrive at an appropriate sentence in your case. And in terms of these prior charges that you have raised objection to, frankly, I – I haven't had a chance to really look into to what extent that this information can be used. I tend to think that probation and parole has a right to use the information. But ultimately here the Court is not going to consider those prior charges for today.
>
> But again, I am not saying that it was inappropriate or that it's not part of a presentence report. The whole goal of the Department of Corrections, through probation and parole, is to give the Court as much information as possible and as accurate as possible. And frankly, I don't see anything in here that tells me that what they gave me was inaccurate.
>
> But nonetheless, I'm not going to consider it. So I want to make sure that that's clear.

The district court then sentenced Mr. Hagen to concurrent terms of six months of incarceration on Count One and one to three years on Count Two, with credit for time served, all of which was consistent with the plea agreement.

[¶11] The record does not show that the district court ever ruled on Mr. Hagen's objections to the PSI after sentencing, or that the PSI was changed in any manner. In its written Judgment and Sentence, the district court stated:

> The Division of Field Services of the Wyoming Department of Corrections prepared a satisfactory Presentence Investigation Report (PSI). This PSI was presented to the Court, counsel, and the Defendant at least ten days prior to sentencing. The Court has considered the recommendations and findings of the PSI. Defendant had adequate time to read and discuss the PSI. Defendant ha[s] had an opportunity to comment on the report, present evidence and testimony, make sentencing arguments to the Court, and was allocuted.

[¶12] This appeal followed.

4

[¶13]   We review sentencing decisions for an abuse of discretion.  *Noller*, ¶ 7, 226 P.3d at 869 (citing *Roeschlein v. State,* 2007 WY 156, ¶ 17, 168 P.3d 468, 473 (Wyo. 2007)).  "A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct prejudicial to him, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play."  *Id.*  Reversal is only appropriate when a district court's error is prejudicial and affects an appellant's substantial rights.  *Id.*  The appealing party has the burden to establish an error was prejudicial.  *Id.*

## *DISCUSSION*

[¶14]   Mr. Hagen does not raise any issues on appeal related to the ASI.  He also does not assert the information contained in the PSI related to his criminal history was inaccurate.  Instead, Mr. Hagen asserts it was improper under the Criminal Record Act for the PSI to include details about his criminal history derived from prior PSIs and police reports.  According to Mr. Hagen, those improper details could adversely affect him in any future case, and may also improperly influence decisions related to placement at detention facilities or parole.  As a result, he asks this Court to reverse his sentence and remand this case to the district court for preparation of a new PSI.

[¶15]   The specific portions of the Criminal Record Act Mr. Hagen cites in support of his arguments are as follows:

> **§ 7–19–102. Scope and Applicability of Provisions.**
> …
> (b) This act applies to criminal history record information compiled for all felonies, high misdemeanors and other misdemeanors determined by the division pursuant to W.S. 9-1-623(a) but does not apply to violations of municipal ordinances.
>
> **§ 7–19–103. Definitions.**
> (a) As used in this act:
> …
>     (ii) "Criminal history record information" means information, records and data compiled by criminal justice agencies on individuals for the purpose of identifying criminal offenders consisting of identifiable descriptions of the offenders and notations or a summary of arrests, detentions, indictments, information, pre-trial proceedings, nature and disposition of criminal charges, sentencing, rehabilitation,

5

incarceration, correctional supervision and release. Criminal history record information is limited to information recorded as the result of the initiation of criminal proceedings. It does not include intelligence data, analytical prosecutorial files, investigative reports and files or statistical records and reports in which individual identities are not ascertainable, any document relating to restoration of voting rights, or any document signed by the governor granting a pardon, commutation of sentence, reprieve, remission of fine or forfeiture or a restoration of civil rights.

From these two sections of the Criminal Record Act, Mr. Hagen asserts a PSI may not include information from previous PSIs or police reports.

[¶16]   We do not read those sections to include such a prohibition or to even apply to an official's preparation of a PSI.  Rather, Wyo. Stat. Ann. § 7-13-303 (2023) and Rule 32 of the Wyoming Rules of Criminal Procedure (W.R.Cr.P.) govern the preparation of PSIs.  In relevant part, the statute and rule provide:

> **§ 7–13–303. Investigation preceding probation or suspension of sentence.**
>      (a) When directed by the court, ... the state probation and parole officer ... shall investigate and report to the court in writing:
>          (i)   The circumstances of the offense;
>          (ii)  The criminal record, social history and present conditions of the defendant;
>          (iii)  If practicable, the findings of a physical and mental examination of the defendant;
>          (iv)  If practicable, statements from the victim; and
>          (v)   A summary of the impact of the offense on the victim.
>
> **[W.R.Cr.P.] 32. Judgment and sentence.**
> (a) *Presentence investigation.—*
> ...
>      (2) Report.—The report of the presentence investigation shall contain:
>          (A) Information about the history and characteristics of the defendant, including prior criminal record, if any, financial condition, and any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in the correctional treatment of the defendant;

(B) Verified information stated in a nonargumentative style containing an assessment of the financial, social, psychological, and medical impact upon, and cost to, any individual against whom the offense has been committed and attaching a victim impact statement as provided in W.S. 7–21–103 if the victim chooses to make one in writing.
(C) Unless the court orders otherwise, information concerning the nature and extent of non-prison programs and resources available for the defendant; and
(D) Such other information as may be required by the court.

[¶17]  Standing alone or together, § 7–13–303 and W.R.Cr.P. 32 include no indication that an official cannot rely on prior PSIs, police reports, or other source material to compile the criminal history section of a defendant's PSI.  There is certainly no indication that the author must scour court records and limit the details of the criminal history section of the PSI to only the convictions appearing in those records.  To the contrary, Rule 32 contemplates comprehensive information about a defendant's history and behavior that a court can then use in determining an appropriate sentence.  Gathering that information from the NCIC, the WY CJIS, prior PSIs, and police reports, as Ms. Stevenson did here, is entirely reasonable.

[¶18]  Regardless, as it relates to this appeal, nothing in the statute or rule indicates a district court cannot rely upon such information in its sentencing determinations.  To the contrary, we have held that "evidence of prior criminal *activity* is highly relevant to the sentencing decision and may be considered by the sentencing court." *Janssen v. State*, 2005 WY 123, ¶ 17, 120 P.3d 1006, 1011 (Wyo. 2005) (emphasis added) (citing *Mehring v. State*, 860 P.2d 1101, 1117 (Wyo. 1993)).  This is true even if no prosecution or conviction resulted from the criminal activity.  *Kreusel v. State*, 2023 WY 9, ¶ 31, 523 P.3d 312, 320 (Wyo. 2023) (citing *Manes v. State*, 2004 WY 70, ¶ 9, 92 P.3d 289, 292 (Wyo. 2004)).

[¶19]  Our law is also clear that a defendant's rights related to the PSI are limited to the rights to "deny, dispute or disprove" the information in the PSI. *Janssen*, ¶ 17, 120 P.3d at 1011 (citing *Mehring*, 860 P.2d at 1115)).  In Mr. Hagen's case, he presents no cogent argument denying, disputing, or disproving the accuracy of the information in his PSI.  Rather, he simply alleges its inclusion of details from other PSIs and police reports regarding past crimes, while accurate, may be harmful to him in the future.  While that may be true, that is not grounds to object to the inclusion of the information in the PSI.  *Id*.

[¶20]  In addition, and while the district court did not strike the portions of the PSI to which Mr. Hagen objected, it stated twice that in determining the proper sentence it would not consider those of Mr. Hagen's prior criminal charges to which he objected.  The sentence the district court imposed was also the precise sentence the parties agreed to in the plea agreement.

[¶21] In *Noller v. State*, this Court considered similar circumstances. There, the district court denied Mr. Noller's motion to strike comments in his PSI that he claimed, "were argumentative, biased and showed that [the author] improperly had assumed the role of an advocate for the prosecution rather than simply gathering factual information for the district court." *Noller*, ¶ 6, 226 P.3d at 869. On appeal, and while we expressed displeasure with the author's comments, we concluded Mr. Noller failed to show the district court relied on the author's comments in its sentencing decision, and that it acted reasonably in denying the motion to strike. *Id*., ¶ 23, 226 P.3d at 873. As a result, we affirmed the sentence. *Id*., ¶ 24, 226 P.3d at 873. In *Doherty v. State*, this Court declined to reverse a sentence where the party objecting to parts of a PSI failed to show the district court based its sentencing decision on those parts of the report. 2006 WY 39, ¶ 34, 131 P.3d 963, 974 (Wyo. 2006).

[¶22] Mr. Hagen has failed to demonstrate information in his PSI was improperly included or inaccurate. He also has not shown the district court relied upon those portions of his PSI to which he objected in rendering its sentence. As a result, Mr. Hagen was not prejudiced and his substantial rights were not affected when the district court did not strike information from the PSI.

## *CONCLUSION*

[¶23] The district court did not abuse its discretion by declining to strike portions of Mr. Hagen's PSI.

[¶24] Affirmed.