# THE SUPREME COURT, STATE OF WYOMING

# 2026 WY 51

**APRIL TERM, A.D. 2026**

**May 6, 2026**

ANDREW ATKINSON,

Appellant
(Defendant),

v.

S-25-0216

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Goshen County*
*The Honorable Edward A. Buchanan, Judge*

*Representing Appellant:*
    *Donna D. Domonkos of Domonkos Law Office, LLC, Cheyenne, Wyoming.*

*Representing Appellee:*
    *Keith G. Kautz, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Samuel L. Williams, Assistant Attorney General.*

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, and HILL, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FENN, Justice.**

[¶1]    Andrew Atkinson pled guilty to aggravated assault and battery and felony child abuse pursuant to a plea agreement.  The district court sentenced Mr. Atkinson to two consecutive terms of eight to ten years in prison.  On appeal, Mr. Atkinson claims the district court erred by considering portions of the victim's oral and written impact statements that contained information regarding his uncharged crimes.  We affirm.

## ISSUE

[¶2]    Mr. Atkinson presents one issue which we rephrase as:

> Did the district court err when it considered the victim's impact statements that contained information regarding the Defendant's uncharged crimes?

## FACTS

[¶3]    On August 3, 2024, Mr. Atkinson, his girlfriend, NB, and their two-year-old daughter, AB, were driving home from a party that had taken place at Mr. Atkinson's mother's home.  Mr. Atkinson parked the vehicle at Ty's Pit Stop, where he and NB argued.  Mr. Atkinson started pulling NB's hair and yanking her around.  He then got out of the vehicle to meet with someone.  He returned to the vehicle and drove to a nearby field.  He pulled over again and punched NB in the face multiple times with his closed fists and hit her over the head with a handgun, causing her to lose consciousness.  Mr. Atkinson then placed his hands around NB's neck and strangled her for approximately 10 seconds, causing her to lose consciousness a second time.

[¶4]    When NB regained consciousness, she picked up AB, exited the vehicle, and attempted to run to a nearby barn.  NB tripped, and Mr. Atkinson caught up with her.  Mr. Atkinson took AB from NB and walked back toward the vehicle.  NB ran back toward Mr. Atkinson and took ahold of the child.  Mr. Atkinson then shoved NB while she was holding AB, causing NB and AB to fall to the ground.  All three of them then got back into the vehicle.

[¶5]    Mr. Atkinson pulled the vehicle over a third time and made NB get out.  He punched and kicked her in the face and chest while she was on the ground.  He then drove away with AB, leaving NB behind.  After she was sure he was gone, NB made her way back to Mr. Atkinson's mother's house.  Mr. Atkinson's mother took NB and AB to the emergency room.[1]

---

[1] The record is unclear about how NB and Mr. Atkinson's mother retrieved AB from Mr. Atkinson to transport her to the hospital.

1

[¶6]   NB suffered a punctured and collapsed lung, bruising and lacerations all over her body, two black eyes that were almost swollen closed, and hematomas that caused her face to appear disfigured.  NB required 15 staples and 4 sutures to close the wound on her head caused by the impact of the gun and Mr. Atkinson's fists.  She also had to have a chest tube placed in her lung from being struck and kicked in the chest by Mr. Atkinson.  AB sustained lacerations to her forehead.

[¶7]   The State charged Mr. Atkinson with four felonies from these events in docket CR 2024-26: (1) aggravated assault and battery for hitting NB in the head with his fists and the gun; (2) aggravated assault and battery for kicking NB in the face and chest; (3) strangulation of a household member for placing his hands on her neck and causing her to lose consciousness; and (4) child abuse for the injuries inflicted on AB.  Mr. Atkinson was also facing additional charges in three other dockets in Goshen County.  In CR 2024-25, Mr. Atkinson was charged with felony strangulation of a household member, involving another woman, KE.  In CR 2024-24, Mr. Atkinson was facing a charge related to a burglary that happened in 2016.  In CR 2024-34, Mr. Atkinson was charged with property destruction.  Mr. Atkinson and the State entered into a global plea agreement that would resolve all four dockets.

[¶8]   Mr. Atkinson agreed to plead guilty to Counts I (aggravated assault and battery) and IV (child abuse) in CR 2024-26 and the single count of strangulation of a household member in CR 2024-25.  The State consented to dismiss the remaining two counts in CR 2024-26 and the two charges in dockets CR 2024-24 and CR 2024-34, in exchange for Mr. Atkinson's agreement to pay the restitution related to those charges.  The State would "stand silent" at sentencing for the three charges to which Mr. Atkinson was pleading guilty, and he could argue for whatever sentence he believed to be appropriate.

[¶9]   In advance of the sentencing, NB submitted a written victim impact statement.  This statement included references to incidents of abuse for which Mr. Atkinson had not been charged, including "countless incidents of literal whippings with cords."  The statement alleged Mr. Atkinson had stolen NB's guns, laptop, phone, iPod, and other pieces of technology containing numerous family pictures.  NB made an oral victim impact statement at the sentencing hearing that largely echoed her written statement.  Mr. Atkinson did not object to the district court considering NB's written or oral victim impact statements.

[¶10]  The district court sentenced Mr. Atkinson to four to five years in prison for the strangulation of a household member charge in CR 2024-25.[2]  Turning to CR 2024-26, the district court sentenced Mr. Atkinson to eight to ten years in prison on the aggravated assault charge and eight to ten years in prison on the child abuse charge.  All three sentences

---

[2] His sentence in docket CR 2024-25 is not before the Court in this appeal.

2

would be served consecutively. The district court ordered Mr. Atkinson to pay a stipulated restitution amount of $24,684.97 that related to his charges in all four dockets. This appeal timely followed.

## STANDARD OF REVIEW

[¶11] The parties disagree about the proper standard of review. Mr. Atkinson contends we should review the district court's sentencing procedures for an abuse of discretion. The State contends we should apply a plain error standard of review because Mr. Atkinson neither objected to the victim's statements nor raised a due process claim below.

[¶12] Many sentencing decisions are reviewed for an abuse of discretion. *See, e.g., Hagen v. State*, 2025 WY 22, ¶ 13, 563 P.3d 1084, 1087 (Wyo. 2025). However, when a defendant does not object to statements made at sentencing or to the procedures used at the sentencing hearing, we review for plain error. *Jewkes v. State*, 2022 WY 90, ¶ 7, 513 P.3d 154, 158 (Wyo. 2022) (citing *Town v. State*, 2015 WY 78, ¶ 9, 351 P.3d 257, 260 (Wyo. 2015); *Sandoval v. State*, 2009 WY 121, ¶ 6, 217 P.3d 393, 395 (Wyo. 2009)). This is true even when the alleged error involves the violation of a defendant's constitutional rights. *Id.* (citing *Ridinger v. State*, 2021 WY 4, ¶ 32, 478 P.3d 1160, 1168 (Wyo. 2021); *Hartley v. State*, 2020 WY 40, ¶¶ 9–10, 460 P.3d 716, 719 (Wyo. 2020)). Because Mr. Atkinson failed to object or raise a due process claim below, we will apply a plain error standard of review.

[¶13] Although we review for plain error, we are also guided by other principles. "Due process requires that the court consider only accurate information in imposing sentence." *Sandoval*, 2009 WY 121, ¶ 8, 217 P.3d at 395 (citing *Manes v. State,* 2004 WY 70, ¶ 9, 92 P.3d 289, 292 (Wyo. 2004)). "A sentencing decision cannot be based upon unreliable information, undocumented information, or inaccurate information." *Id.* (quoting *Hubbard v. State,* 2008 WY 12, ¶ 24, 175 P.3d 625, 630 (Wyo. 2008)). "[A] showing that inaccurate information was presented to the court will not necessarily justify a reversal; 'the defendant must demonstrate that the trial court relied upon the statements in sentencing to prevail.'" *Id.*, 217 P.3d at 395–96 (quoting *Manes, ¶* 9, 92 P.3d at 292).

## DISCUSSION

[¶14] To establish plain error, Mr. Atkinson must show: "(1) the record clearly reflects the alleged error; (2) the alleged error violates a clear and unequivocal rule of law; and (3) []he was denied a substantial right resulting in material prejudice." *Jewkes*, ¶ 8, 513 P.3d at 158 (citing *Ridinger*, ¶ 33, 478 P.3d at 1168). "[M]aterial prejudice means a reasonable probability exists that the result would have been more favorable in the absence of the alleged error." *Velasquez v. State*, 2026 WY 11, ¶ 18, 582 P.3d 915, 920 (Wyo. 2026) (quoting *Bruce v. State*, 2015 WY 46, ¶ 71, 346 P.3d 909, 930 (Wyo. 2015)). "Merely asserting prejudice without a proper showing is not enough to meet the plain error

3

standard." *Soares v. State*, 2024 WY 39, ¶ 37, 545 P.3d 871, 880 (Wyo. 2024) (quoting *Doherty v. State*, 2006 WY 39, ¶ 23, 131 P.3d 963, 971 (Wyo. 2006)). "Failure to establish each element precludes a finding of plain error." *Lott v. State*, 2022 WY 143, ¶ 10, 519 P.3d 646, 649 (Wyo. 2022) (quoting *Klingbeil v. State*, 2021 WY 89, ¶ 40, 492 P.3d 279, 288 (Wyo. 2021)).

[¶15] The first element is satisfied here because the victim's comments clearly appear in the record. Turning to the second element, if the district court relied on inaccurate, unreliable, or undocumented information when sentencing Mr. Atkinson, it would have transgressed a clear and unequivocal rule of law. *See Sandoval*, 2009 WY 121, ¶ 8, 217 P.3d at 395 (citing *Manes,* 2004 WY 70, ¶ 9, 92 P.3d at 292). Although Mr. Atkinson admits the district court is allowed to consider victim impact statements when deciding the appropriate sentence, he argues NB's victim impact statements were improper because they "included many statements regarding uncharged misconduct and conduct Mr. Atkinson did not admit to committing." Mr. Atkinson asserts he never pled guilty to any crime involving stolen or destroyed property or to whipping NB with cords. He claims he did not have a reasonable opportunity to challenge these allegations. He asserts "it is clear the district court relied on the improper statements" because the district court "actually stated" it relied on the written and oral victim impact statements.

[¶16] Mr. Atkinson failed to show the information in NB's statements was inaccurate or unreliable. The district court has the discretion to consider a broad range of information when evaluating the character of the defendant and the nature of the crimes. *Town*, 2015 WY 78, ¶ 13, 351 P.3d at 261 (quoting *Capellen v. State,* 2007 WY 107, ¶ 16, 161 P.3d 1076, 1080 (Wyo. 2007)). This may include "hearsay reports implicating the defendant in other crimes if such reports are deemed sufficiently reliable." *Mangus v.* State, 2013 WY 13, ¶ 28, 293 P.3d 459, 468–69 (Wyo. 2013) (quoting *Capellen*, ¶ 16, 161 P.3d at 1080). Although Mr. Atkinson did not plead guilty to taking or destroying NB's property, he agreed to pay NB restitution in the amount of $2,033.97 for a gun and several pieces of electronics as part of the global plea agreement. Further, although Mr. Atkinson received a copy of NB's written statement in advance of the sentencing hearing, he did not dispute any information in that statement as allowed by Rule 32(a)(3)(A) of the Wyoming Rules of Criminal Procedure. Therefore, he failed to show any of the information about which he now complains was inaccurate, unreliable, or undocumented.

[¶17] In addition, Mr. Atkinson cannot show the district court relied on any of the statements regarding his uncharged misconduct. Contrary to Mr. Atkinson's representation, the district court never said it relied on this information. Rather, the district court merely referenced the victim impact statements in its summary of the documents and information it had received and reviewed before pronouncing Mr. Atkinson's sentence:

> So, to begin with, the [c]ourt has in front of it -- just for
> the record -- the Presentence Investigation Report. I also have

4

what I have marked stipulated exhibits A, B, C, and D. A is the defendant's statement that was completed recently and included into the file, and per [defense counsel's] request, I will make that part of the record.

B is the exhibit that consists of five pages, and that's a narrative that [NB] largely read from just now, and I have that. Exhibit C consists of nine photographs which are also of [NB]. And then Exhibit D is the restitution amount consisting of 21 pages. And then E are the certificates of course completion that were provided to the [c]ourt by [defense counsel] on behalf of his client.

So those are the materials that I have been given today. And so with those and in combination of the argument of [defense counsel], the allocution by Mr. Atkinson, and the verbal statements by [NB], all of those materials combine to inform the [c]ourt as to a proper sentence, in part.

Because Mr. Atkinson failed to establish the district court relied on inaccurate, unreliable, or undocumented information, he has not shown the district court transgressed a clear and unequivocal rule of law. *See Manes*, 2004 WY 70, ¶ 13, 92 P.3d at 293.

[¶18] Finally, Mr. Atkinson cannot establish the third prong of plain error—material prejudice. *Jewkes*, 2022 WY 90, ¶ 8, 513 P.3d at 158 (citing *Ridinger*, ¶ 33, 478 P.3d at 1168). The record reveals the district court sentenced Mr. Atkinson based on the violent nature of his charged crimes, and Mr. Atkinson cannot show there is a reasonable probability he would have received a more favorable sentence if the information about his uncharged misconduct had not been introduced. Before passing sentence, the district court stated:

And in these particular cases, these are very serious criminal acts. The Presentence Investigation Report describes what happened as, quote unquote, shocking and brutal. If you listen to [NB's] words carefully and look at her photos, those words are proven out. If you look in the Presentence Investigation Report, you -- you find a situation that was so severe that it resulted in a week's stay in the hospital, it resulted in sutures from open wounds and lacerations from being hit, pistol-whipped, basically, by a handgun; a collapsed lung, due to kicking in the ribs; and just a level of violence that is rarely seen in this [c]ourt.

5

There aren't too many things -- and you can imagine what they are -- that would be worse than what happened in this case, honestly. That's just a fact.

The district court reviewed Mr. Atkinson's previous convictions, finding he had a "significant criminal history" for someone so young. The district court considered recommending Mr. Atkinson to the Youthful Offender Program, but it found such a recommendation was not appropriate due to the "serious, violent nature of these particular offenses." The district court found Mr. Atkinson had proven he was "a danger to society" and it needed to give him a sentence that would provide for "the protection of the public" and his "removal from society" for an appropriate period. The district court went on to say:

So you've got a situation of domestic violence that was so violent in nature that it warrants a punishment that is equal to society's demand for restitution and is a specific deterrence for you in the future, and it's a deterrence as an example to others in our community, that this type of activity absolutely, absolutely, will be punished, punished severely, and will not be tolerated.

The district court also mentioned the lingering physical and mental health effects Mr. Atkinson's actions were going to have on NB. After considering these factors, the district court sentenced Mr. Atkinson to eight to ten years in prison on each count, to be served consecutively. The record reflects the district court felt these sentences were appropriate due to the serious and violent nature of the crimes and Mr. Atkinson's record, not NB's hearsay allegations of uncharged abuse or property destruction.

[¶19] Mr. Atkinson failed to show the district court relied on any inaccurate, undocumented, or unreliable statements. Because the district court did not rely on any such statements, it did not violate Mr. Atkinson's due process rights. *See Sandoval*, 2009 WY 121, ¶ 8, 217 P.3d at 395–96 (quoting *Manes,* ¶ 9, 92 P.3d at 292). Further, the district court's findings show it based its sentence on the violent nature of the charged crimes and Mr. Atkinson's lengthy criminal history. Therefore, Mr. Atkinson failed to establish there is a reasonable probability that his sentence would have been more favorable to him in the absence of these statements. *See Velasquez*, 2026 WY 11, ¶ 18, 582 P.3d at 920 (quoting *Bruce*, 2015 WY 46, ¶ 71, 346 P.3d at 930).

## CONCLUSION

[¶20] Mr. Atkinson failed to establish the district court relied on any inaccurate, unreliable, or undocumented information. He also failed to show there is a reasonable probability he would have received a more favorable sentence if these statements about his

6

uncharged misconduct had not been made.  We find no plain error in the district court's sentencing decision.  Affirmed.